# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

NATHANIEL WILLIAMS,

                                        Plaintiff,

v.

TIM GARRETT, *et. al.*,

                                        Defendants.

Case No. 3:22-CV-00264-CLB

**ORDER GRANTING MOTION TO FILE SECOND AMENDED COMPLAINT AND DENYING AS MOOT MOTION FOR RECONSIDERATION**

[ECF No. 15, 33]

Before the Court is Plaintiff Nathaniel Williams's ("Williams") motion for leave to file a first amended complaint. (ECF No. 33.) No opposition was filed. Also pending before the Court is Williams's motion for reconsideration. (ECF No. 15.) Defendants Renee Baker ("Baker"), D. Bequette ("Bequette"), Tara Carpenter ("Carpenter"), Tim Garrett ("Garrett"), and Kara LeGrand ("LeGrand") (collectively referred to as "Defendants") responded, (ECF No. 19), and Williams replied, (ECF No. 20). For the reasons stated below, the Court grants Williams's motion to file a second amended complaint, (ECF No. 33), and denies as moot Williams's motion for reconsideration (ECF No. 15).

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Williams is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at the Stewart Conservation Camp. Williams initiated this action on June 13, 2022, by filing a civil rights complaint for events that occurred at the Northern Nevada Correctional Center ("NNCC"). (ECF No. 1.) Pursuant to 28 U.S.C. § 1915A, the District Court screened Williams's first amended complaint and allowed him to proceed on the following claims: (1) a Fourteenth Amendment right to privacy claim against Defendants[1]; (2) a First Amendment mishandling of outgoing mail claim against Defendants; and (3) an Eighth Amendment deliberate indifference to safety claim against

---

[1]    Williams also named N. Gallagher as a Defendant, (ECF No. 8), however this Defendant has not been served and a notice regarding intention to dismiss pursuant to Fed. R. of Civ. P. 4(m) was filed on July 5, 2023. (ECF No. 32.) Additionally, Williams does not name this defendant in his second amended complaint. (ECF No. 34.)

1    Defendants. (ECF No. 7.)

2        The District Court also dismissed Defendants State of Nevada and Ward and state-

3    law tort claims were dismissed without prejudice and without leave to amend. (*Id.*)

4    Williams filed a motion for reconsideration of the screening order based on the dismissal

5    of Defendant Ward. (ECF No. 15.)

6        On July 13, 2023, Williams filed the instant motion to file a second amended

7    complaint, along with his proposed amended complaint. (ECF Nos. 33, 34.) No opposition

8    was filed.

9    **II.    LEGAL STANDARD**

10       Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely

11   give[] leave [to amend a pleading] when justice so requires." The Ninth Circuit has made

12   clear Rule 15(a) permits liberal application. *Sonoma Cnty. Ass'n of Retired Emps. v.

13   Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Under Rule 15(a), courts consider

14   various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing

15   party; (4) the futility of the amendment; and (5) whether the plaintiff has previously

16   amended his complaint. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir.

17   2014). The factors do not weigh equally; rather, prejudice receives the greatest weight.

18   *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Eminence

19   Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

20       Defendants bear the burden of establishing prejudice, and absent its presence or

21   a "strong showing" under the other factors, there is a presumption in favor of permitting

22   amendment. *Eminence Cap., LLC*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v.

23   Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)). When considering prejudice, the court

24   may weigh against the movant the amended pleading's great alteration of the litigation's

25   nature that requires the opposing party to defend against "different legal theories and . . .

26   different facts." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th

27   Cir. 2006) (internal quotation omitted). Alone, such alteration is not fatal. *Morongo Band

28   of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

1    By contrast, futility "alone can justify the denial of a motion for leave to amend."

2    *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003) (quoting *Bonin v. Calderon*, 59 F.3d

3    815, 845 (9th Cir. 1995)). Futility arises when the amendment is legally insufficient,

4    *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017), or where the amended

5    complaint would be subject to dismissal, such as when it violates the statute of limitations.

6    *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

7    **III.    DISCUSSION**

8    Williams seeks to amend his complaint to clarify his claims and remove Defendant

9    Gallagher, and Williams asserts that the proposed amendment is made in good faith.

10   (ECF Nos. 33, 34.) Specifically, Williams asserts the following claims[2]: (1) a Fourteenth

11   Amendment right to privacy claim against LeGrand, Garrett, Carpenter, Bequette, and

12   Baker; (2) a First Amendment mishandling of outgoing mail claim against LeGrand,

13   Garrett, Carpenter, Bequette, and Baker; and (3) an Eighth Amendment deliberate

14   indifference to safety claim against LeGrand, Garrett, Carpenter, Bequette, and Baker.

15   (ECF No. 34.)

16   The Court finds that the motion to amend should be granted, as the above factors

17   discussed in *Desertrain* weigh in Williams's favor. First, rather than bad faith, the record

18   demonstrates that Williams is acting in good faith to amend his complaint to clarify his

19   claims related to the action already before the Court. Second, Williams timely filed his

20   amended pleading and thus did not delay in seeking amendment.

21   Third, Defendants are not prejudiced by the amendment, as it merely seeks to add

22   additional allegations to claims already asserted against named Defendants, as well as

23   remove a defendant. Thus, the Court does not find that the amended complaint greatly

24   alters the litigation's nature or requires an entirely new course of defense. *Morongo Band*

25

26   [2]      While the complaint lists Williams's Claim 1 as a Fourteenth Amendment "right to informational privacy violated by unconstitutional policy", and his Claim 2 as a First

27   Amendment "right to confidential attorney correspondences/privileged correspondence", the Court finds that these claims are properly a Fourteenth Amendment right to privacy

28   claim and a First Amendment mishandling of outgoing mail claim and names them accordingly.

1   *of Mission Indians,* 893 F.2d at 1079. Amendment is not futile, as the proposed amended

2   complaint states colorable Fourteenth Amendment, First Amendment, and Eighth

3   Amendment claims. (ECF No. 34.) Finally, this is Williams's second amended pleading,

4   thus this factor weighs in his favor. In sum, the above *Desertrain* factors each weigh in

5   Williams's favor, and, therefore, the Court concludes that amendment is proper.

6          Additionally, pursuant to LR 7-2(d), the failure of an opposing party to file points

7   and authorities in response to any motion constitutes a consent to the granting of the

8   motion. For these reasons, Williams's motion to amend is granted. Because many of the

9   allegations in the second amended complaint are identical to those in the first amended

10  complaint, (*Compare* ECF No. 8, *with* ECF No. 34), the Court adopts and incorporates

11  the analysis from the original screening order, (ECF No. 7), into this Order.

12         Finally, because Williams's second amended complaint no longer names Maria

13  Ward as a defendant, his motion for reconsideration based on the dismissal of Ward,

14  (ECF No. 15), is denied as moot.

15  **IV.     CONCLUSION**

16         For the reasons discussed above, **IT IS ORDERED** that Williams's motion to file a

17  second amended complaint, (ECF No. 33), is **GRANTED**.

18         **IT IS FURTHER ORDERED** that the second amended complaint, (ECF No. 34), is

19  now the operative complaint in this case and the Clerk is directed to correct the docket to

20  show that the "Proposed Amended Complaint" is the "Second Amended Complaint".

21         **IT IS FURTHER ORDERED** that the second amended complaint shall **PROCEED**

22  with:

23         • a Fourteenth Amendment right to privacy claim against LeGrand,

24            Garrett, Carpenter, Bequette, and Baker;

25         • a First Amendment mishandling of outgoing mail claim against LeGrand,

26            Garrett, Carpenter, Bequette, and Baker; and,

27         • an Eighth Amendment deliberate indifference to safety claim against

28            LeGrand, Garrett, Carpenter, Bequette, and Baker.

1    **IT IS FURTHER ORDERED** that Defendant N. Gallagher is dismissed from this

2  action.

3    **IT IS FURTHER ORDERED** that Williams's motion for reconsideration, (ECF No.

4  15), is **DENIED as moot.**

5    **IT IS FURTHER ORDERED** that Defendants shall file and serve an answer or

6  other response to the second amended complaint within **60 days** from the date of this

7  order.

8    **IT IS SO ORDERED.**

9  **DATED**: August 3, 2023.

10    _____
       **UNITED STATES MAGISTRATE JUDGE**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28