**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

NATHANIEL WILLIAMS,

Plaintiff,

v.

TIM GARRETT, *et al.*,

Defendants.

Case No. 3:22-CV-00264-CLB

**ORDER DENYING MOTION
TO COMPEL**

[ECF No. 43]

Before the Court is Plaintiff Nathaniel Williams's ("Williams") motion to compel. (ECF No. 43.) Defendants responded, (ECF No. 44), and Williams replied, (ECF No. 46). For the reasons discussed below, the motion is denied.

I.      **LEGAL STANDARD**

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). The "scope of discovery" encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). In analyzing proportionality, the Court must consider the need for the information sought based upon "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Relevance is to be construed broadly to include "any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted).

When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). However, the party moving for an

order to compel discovery bears the initial burden of informing the court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why he believes the response is deficient; (4) why defendants' objections are not justified; and (5) why the information he seeks through discovery is relevant to the prosecution of this action. *Harris v. Kernan*, No. 2:17-cv-0680-TLN-KJN-P, 2019 WL 4274010, at *1 (E.D. Cal. Sept. 10, 2019); *see also Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS-PC, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

Thereafter, the party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *Blankenship v. Hearst Corp*., 519 F.2d 418, 429 (9th Cir. 1975). The party resisting discovery "'must specifically detail the reasons why each request is irrelevant' [or otherwise objectionable,] and may not rely on boilerplate, generalized, conclusory, or speculative arguments." *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013) (quoting *Painters Joint Comm. v. Emp. Painters Trust Health & Welfare Fund*, No. 2:10-cv-1385 JCM (PAL), 2011 WL 4573349, at *5 (D. Nev. 2011). Arguments against discovery must be supported by specific examples and articulated reasoning. *U.S. E.E.O.C. v. Caesars Ent., Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

## II.   DISCUSSION

In his motion to compel, Williams seeks various discovery, however he makes clear in his reply that he seeks two things: (1) a single request for production of documents related to witness names and information; and (2) spoliation sanctions for allegedly destroyed grievance pages and video footage. (*See* ECF Nos. 43, 46.) Each is discussed in turn.

///

///

1

**A.      Request for Production of Documents**

2      Williams argues the Court should compel Defendant LeGrand to provide

3   documents pursuant to a single request for production of documents ("RFP"). (ECF No.

4   43, 46.) RFPs are controlled by Federal Rule of Civil Procedure 34. Pursuant to the Rule,

5   "[a] party may serve on any other party a request within the scope of Ru 26(b)" for

6   production of documents "in the responding party's possession, custody, or control." Fed.

7   R. Civ. P. 34(a). The requesting party "is entitled to individualized, complete responses

8   to each of the [Requests for Production], . . . accompanied by production of each of the

9   documents responsive to the request, regardless of whether the documents have already

10   been produced." *Womack v. Gibbons*, No. 1:19-cv-00615-AWI-SAB-PC, 2021 WL

11   1734809, at *2 (E.D. Cal. May 3, 2021) (citing *Louen v. Twedt*, 236 F.R.D. 502, 505 (E.D.

12   Cal. 2006).

13      Williams requests the Court compel a response to the following RFP directed at

14   Defendant LeGrand:

| RFP No. | Request for Production |
|---------|------------------------|
| **10** | Please produce the list/supporting documents of inmates moved into unit 2B around November 2020 (all education workers and law library workers that were moved into LCC unit 2B for Covid-19/quarantine/ yard modification purposes – please produce name, Doc# & Cell #) at Lovelock Correctional Center. |
| **Response** | Defendant objects to Request for Production No. 10 as it calls for information pertaining to another inmate which Plaintiff is not permitted to access under Administrative Regulation 569. |

22   (ECF No. 43 at 2, 17.)

23      Defendant LeGrand objected to RFP No. 10 on the basis that it requested

24   information that is not allowable under the Administrative Regulations ("AR"). Specifically,

25   AR 569 prevents inmates from access to other inmates' records including names and

26   inmate numbers. (ECF No. 44 at 3.) In response to the motion to compel, Defendants

27   attach a letter which further states that the request is overbroad and disproportionate to

28   the needs of the case. (ECF No. 44-1 at 2.)

1   Courts are not required to compel disclosure that is "unnecessarily burdensome
2   and overly broad" with minimal chance of leading to relevant evidence. *Nugget*
3   *Hydroelectric, L.P. v. Pac. Gas & Elec. Co.*, 981 F.2d 429, 439 (9th Cir. 1992). In a motion
4   to compel a request for production, the moving party is required to make a "specific
5   showing that the burdens of production would be minimal and that the requested
6   documents would lead to relevant evidence." *Sorosky v. Burroughs Corp.*, 826 F.2d 794,
7   805 (9th Cir. 1987). In analyzing proportionality, the Court must consider the need for the
8   information sought based upon "the importance of the issues at stake in the action, the
9   amount in controversy, the parties' relative access to relevant information, the parties'
10  resources, the importance of discovery in resolving the issues, and whether the burden
11  or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P.
12  26(b)(1).

13  Williams disagrees with Defendants' assertion that the information requested is
14  impermissible pursuant to AR 569. (ECF No. 43 at 2.) However, even assuming it is
15  permissible under the AR, Williams does not provide a specific showing that the burden
16  of production would be minimal, or more importantly, that it would lead to relevant
17  evidence. Because Defendants object to the RFP as being disproportionate and
18  overbroad, and Williams does not meet his burden of making a specific showing that the
19  burden of production would be minimal, his motion to compel as to LeGrand RFP No. 10
20  is denied. *Nugget*, 981 F.2d at 439; *Sorosky*, 826 F.2d at 805.

21  **B.    Spoliation**

22  Spoliation of evidence is defined as "the destruction or significant alteration of
23  evidence, or the failure to preserve property for another's use as evidence in pending or
24  reasonably foreseeable litigation." *United States v. Kitsap Physicians Service*, 314 F.3d
25  995, 1001 (9th Cir. 2002). There are two sources of authority under which the Court can
26  sanction a party for spoliation of evidence—its inherent authority or Rule 37. *Leon v. IDX*
27  *Systems Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). Absent a prior court order or statutory
28  authority, sanctions for spoliation of evidence may be imposed under the court's inherent

4

powers to control the judicial process. *Med. Lab'y Mgmt. Consultants v. Am. Broad. Co., Inc.*, 306 F.3d 806, 824 (9th Cir. 2002).

The Court has "inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence." *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993). Such broad power includes permitting an adverse inference from the spoliation of relevant evidence against the spoliating party. *Id.* The Ninth Circuit has explained that the adverse inference sanction is based on evidentiary and policy rationales that seek to deter a party who has notice of an item's relevance to litigation from destroying it. *See Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991). A finding of bad faith is not a prerequisite for an adverse inference. *See Glover*, 6 F.3d at 1329.

The duty to preserve begins when a party reasonably should have known that the evidence is relevant to anticipated litigation. *See In re Napster*, 462 F.Supp.2d 1060, 1067 (N.D. Cal. 2006). The applicable standard of proof for spoliation appears to be by a preponderance of the evidence. *See LaJocies v. City of North Las Vegas*, 2011 WL 1630331 *1 (D. Nev.) (citing *In re Napster*, 462 F.Supp.2d at 1072). The party seeking an adverse inference instruction must establish: (1) that the spoliating party had an obligation to preserve the evidence; (2) that the evidence was destroyed or significantly altered with a culpable state of mind; and (3) that the evidence was relevant to the other party's claim in that a reasonable trier of fact could find that it would support that claim. *Id.*

Williams's motion requests unspecified spoliation sanctions against Defendants for allegedly destroying grievances pages and video camera footage. (ECF No. 43.) The Williams asserts that the missing grievance pages show that he requested video footage to be preserved. (*Id.*) Defendants assert Williams cannot show that a video existed, outside of a continuous loop, and Williams never requested the NDOC to retain video. (ECF No. 44 at 10.) The record before the Court does not support the conclusion that Defendants destroyed video camera footage with a "culpable state of mind." Other than Williams's fervent belief, the claim of destruction of video footage is unsubstantiated. The

1  Court will not impose spoliation sanctions because Williams does not believe defense

2  counsel. Further, and more importantly, to the extent video was in fact destroyed, Williams

3  has not shown the relevance of this particular video footage. Accordingly, Williams's

4  request for spoliation sanctions is denied.

**III.   CONCLUSION**

Accordingly, **IT IS ORDERED** that Williams's motion to compel, (ECF No. 43), is

**DENIED**.

**DATED**: _____April 18, 2024_____.

**UNITED STATES MAGISTRATE JUDGE**